**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRESH & EASY, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 15-12220 (BLS) |
| Official Committee of Unsecured Creditors of Fresh & Easy, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on <u>Exhibit A</u>,<br>Defendants. | **Obj. Deadline: February 15, 2017 at 4:00 p.m. (ET)**<br>**Hrg. Date:  February 22, 2017 at 10:00 a.m.**<br><br>Adv. No.: *See* <u>Exhibit A</u> |

**PLAINTIFF'S MOTION FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE <u>BANKRUPTCY CODE</u>**

Pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Official Committee of Unsecured Creditors of Fresh & Easy, LLC, (the "<u>Plaintiff</u>"), by and through its undersigned counsel, hereby files this motion (the "<u>Procedures Motion</u>") for entry of two procedures orders (the "<u>Proposed Procedures Orders</u>"), substantially in the forms annexed hereto as **Exhibits B** and **C**, respectively, establishing streamlined procedures for all adversary proceedings brought by the Plaintiff under sections 502, 547, 548, 549 and 550

---

[1]  The last four digits of the Debtor's federal taxpayer identification number are 8906. The Debtor's mailing address is 20101 Hamilton Avenue, Suite 350, Torrance, CA 90502.

of the Bankruptcy Code, identified in **Exhibit A** annexed hereto (collectively, the "Avoidance Actions").[2]  In support of the Procedures Motion, Plaintiff respectfully states as follows:

## PRELIMINARY STATEMENT

In order to efficiently administer and resolve the volume of Avoidance Actions filed in the above-referenced bankruptcy cases (the "Bankruptcy Case"), Plaintiff proposes that certain procedures be implemented (a) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions;[3] (b) establishing procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation; and (c) establishing omnibus hearings for the Avoidance Actions and general agendas for the same (collectively, the "Proposed Procedures").

Plaintiff believes that in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules and the Local Rules.  Like these applicable Bankruptcy Rules and Local Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

Pursuant to the *General Order Regarding Procedures in Adversary Proceedings* dated April 7, 2004 (as later revised on July 14, 2004 and amended on April 11, 2005) (the "General Order"), adversary proceedings in this district asserting causes of action under Section 547 of the

---

[2]  Additional avoidance actions filed by the Plaintiff related to the underlying bankruptcy cases, after entry of the Proposed Procedures Orders, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary.

[3]  Plaintiff reserves the right to seek further or additional relief from the Court regarding discovery and any other matter in the Avoidance Actions.

Bankruptcy Code are referred to mediation. Plaintiff has taken into consideration Local Rule 9019-5, which provides a different mediation schedule depending on the amount in controversy and, based on this Local Rule, proposes two separate Procedure Orders for Avoidance Actions. Avoidance Actions with claims less than or equal to $75,000.00 will follow Local Rule 9019-5(j) and be referred to early mediation, with formal discovery to follow. In Avoidance Actions with claims greater than $75,000.00, mediation follows after a formal discovery period. For smaller cases, the Local Rules allow Defendants the ability to choose between a mediation-first or discovery-first track; accordingly, Plaintiff has provided an orderly ballot mechanism for these defendants to opt-in to the order governing larger case should they so choose.

Additionally, Plaintiff has provided for a panel of six mediators from which Defendants can choose a mediator. Plaintiff believes in a case this size, a set list of specific mediators will aid Plaintiff and Defendants alike, as a set group of mediators will become familiar with issues common to this Bankruptcy Case. The inclusion of six mediators will also ensure that defendants have ample choice in their mediator selection. The Proposed Procedures will help the Court better manage the Avoidance Actions, while employing guidelines similar to the Local Rules.

Local Rule 7016-1(e) provides that a movant noticing a procedures motion prior to the pretrial date must demonstrate good cause. As a hearing on the Procedures Motion, if any, will occur on the same date as the scheduled pretrial hearing, rather than before the pretrial, a demonstration of good cause should not be necessary; however, to the extent good cause is required, ample good cause exists. This Procedures Motion seeks to give all Defendants an automatic, additional 60-day extension of time to file responses to their respective complaints. Holding the hearing at the same time as the pretrial will alleviate any uncertainty for Defendants

3

as to the deadline for a responsive pleading. Additionally, good cause exists to hear the Procedures

Motion on the same date as the pretrial, as this results in a single hearing date for any Defendants

choosing to attend any hearing.

## JURISDICTION

1.      This Court has jurisdiction over this Procedures Motion pursuant to 28 U.S.C. §§

157 and 1334.  Consideration of this Procedures Motion is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A), (B), (F), (H) and (O).

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3.      The statutory bases for the relief requested in the Motion are sections 102(1),

105(a), 105(d), 502, 547, 548, 549 and 550 of the Bankruptcy Code; Rules 7004, 7012, 7016, 7026,

and 9006 of the Bankruptcy Rules; and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules. The

requested relief is also justified under and consistent with the General Order and as modified

herein.

## BACKGROUND

4.      On October 30, 2015 (the "Petition Date") the Debtor commenced a case by filing

a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. [D.I. 1]. No

trustee has been appointed, and the Debtor continues to operate its business and manage its

properties as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      On November 10, 2015, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed the Committee. [D.I. 101]. On November 18, 2015, the

U.S. Trustee appointed two additional members to the Committee. [D.I. 165].

6.      On August 16, 2016, the Committee and the Debtor filed a stipulation (the "Stipulation") which granted the Committee and its successors in interest standing to pursue certain causes of action under Chapter 5 of the Bankruptcy Code. [D.I. 1138]. An order approving the Stipulation was entered by the Court on September 13, 2016 (the "Stipulation Order"). [D.I. 1204].

## RELIEF REQUESTED

7.      Pursuant to the authorization duly received in the Stipulation Order, Plaintiff has commenced approximately 307 Avoidance Actions, as more fully set forth on **Exhibit A** hereto, to recover avoidance transfers from the persons who are defendants in the Avoidance Actions (each a "Defendant" and, collectively, the "Defendants").

8.      By this Motion, Plaintiff seeks the entry of the Proposed Procedures Orders, substantially in the forms attached here to as **Exhibits B** and **C**, approving the Proposed Procedures in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## BASIS FOR RELIEF REQUESTED

### I.      Proposed Procedures Generally

9.      The Court has broad discretion to adopt and implement guidelines, such as the Proposed Procedures, which will aid in the administration of these proceedings. Specifically, Federal Rules of Civil Procedure 16(a) (the "Federal Rules"), as made applicable by Bankruptcy

Rule 7016 authorizes courts to enter orders for the purpose of:

- expediting the disposition of the action;
- establishing early and continuing control so that the case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of the case.

FED. R. CIV. P. 16(a).

10.    In addition, Federal Rule 16(b) affords courts significant flexibility in case management and scheduling.   Specifically, Federal Rule 16(b) authorizes courts to enter scheduling and other orders that limit the time to file motions and to complete discovery. Federal Rule 16(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

11.    Section 105(a) of the Bankruptcy Code also grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code.  That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

12.    The Proposed Procedures further the purpose of the applicable Bankruptcy Rules by establishing certain guidelines Plaintiff believes are essential to the efficient and successful resolution of the Avoidance Actions. Plaintiff submits that implementation of the Proposed

6

Procedures will further the cost-effective, timely resolution of the Avoidance Actions, and benefit the parties in the Avoidance Actions.  The Plaintiff also submits that the Proposed Procedures will further the goals of judicial economy and the conservation of judicial resources. Absent the establishment of the Proposed Procedures to govern the prosecution of the Avoidance Actions, it will be difficult for this Court to administer these matters due to the volume of cases. To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, the Plaintiff submits that such variations are warranted to promote efficient use of estate assets and judicial resources.

13.    Also, Plaintiff hopes and expects that the Proposed Procedures set forth in the Proposed Procedures Orders will promote settlements and reduce defense costs because proceeding in such a manner may obviate the need for defendants to retain outside and/or local counsel during the settlement process.  Defendants in the Avoidance Actions will also be able to present their defenses to Plaintiff for evaluation before engaging in costly litigation.

## II.    Pretrial Conferences and Discovery

14.    Given the number of Avoidance Actions, Plaintiff believes that the provisions of the Proposed Procedures Orders governing scheduling conferences, pretrial conferences, initial disclosures, and fact and expert discovery are necessary to establish a structured, efficient process for the resolution of the Avoidance Actions.  The Proposed Procedures 1) waive the initial pretrial conference scheduled for February 22, 2017 and any subsequently scheduled pretrial conferences; 2) extend the agreed-upon time to serve initial disclosures; and 3) set deadlines for the parties to select a mediator in order to timely complete mediation by the agreed upon deadline, requiring less of the Court's time reviewing, signing and docketing stipulations for extensions of time and mediator selection. The Proposed Procedures will result in more orderly and efficient litigation

and discourage dilatory tactics.

### III.    Referral of Avoidance Actions to Mandatory Non-Binding Mediation

15.    Plaintiff seeks approval of the Proposed Procedures with respect to referring Avoidance Actions to mandatory non-binding mediation.  This request comports with the General Order referring adversary proceedings to mediation, and the Local Rules concerning the mediation process. The list of the six proposed mediators is attached as **<u>Exhibit D</u>**.

16.    Referring adversary proceedings to mediation has proven highly successful in other bankruptcy cases where ASK LLP has represented plaintiffs in the prosecution of preference and fraudulent transfer avoidance actions. Procedures orders containing mandatory, non-binding facilitative mediation procedures similar to the provisions contained in the Proposed Procedures Orders have been entered in other cases pending in this district. *See, e.g., In re RS Legacy Corp., et al.*, Case No. 15-10197 (BLS) (Bankr. D. Del., Dec. 14, 2015, D.I. 3675, cases less than or equal to $75,000.00), and (Bankr. D. Del., Dec. 14, 2015, D.I. 3676, cases greater than $75,000.00); *In re Exide Technologies*, Case No. 13-11482 (KJC) (Bankr. D. Del., June 30, 2015, D.I. 4360); *In re New Page Corporation*, 11-12804 (KG) (Bankr. D. Del., Oct. 16, 2013, D.I. 4405) (cases greater than $75,000.00), and (Bankr. D. Del., Oct. 16, 2013, D.I. 4406) (cases less than or equal to $75,000.00); *In re WP Steel Ventures LLC,* Case No. 12-11661 (KJC) (Bankr. D. Del., Apr. 3, 2013, Docket No. 2820) (cases greater than $75,000.00), and (Bankr. D. Del., Apr. 3, 2013, Docket No. 2821) (cases less than or equal to $75,000.00). Procedures orders have also been entered in cases pending in other districts as well. *See, e.g.  In re Kid Brands, Inc., et al.,* Case No. 14-22582 (MBK) (Bankr. D.N.J., Sept. 9, 2016, D.I. 958), and *In re Quebecor World (USA) Inc., et al*., Chapter 11 Case No. 08-10152-JMP (Bank. S.D.N.Y, March 10, 2016, D.I. 3935).  In *Quebecor*

*World (USA) Inc.,* the mediators were able to resolve 94% of the remaining 350 adversary proceedings in less than 12 months. Entry of these procedures orders required less of the Court's time and resources.

17.    As the Proposed Procedures Orders provide for non-binding mediation, it will not prejudice any party.  In fact, Plaintiff submits that all parties and the Court will benefit from the mediation provisions in Proposed Procedures Orders by providing the opportunity to resolve these matters without expensive, time consuming and burdensome litigation and trial.

**IV.    Defendants May Elect to Move to Discovery-First Track**

18.    Accompanying this Procedures Motion is a *Notice of Hearing and Response Date for Motion and Defendants' Election as to Procedures Order Track* (the "Notice") and accompanying election form (the "Election Form").  Pursuant to Local Rule 9019-5(j)(iii), a defendant in an adversary proceeding with a total amount in controversy less than or equal to $75,000.00 has the option of conducting mediation prior to formal written discovery, or proceeding with formal discovery first. Currently, the Plaintiff has placed all Defendants in adversary proceedings with a total amount in controversy less than or equal to $75,000.00 on **Exhibit 1** to the proposed order attached hereto as **Exhibit B**, which provides for mediation prior to discovery. However, as outlined in the Notice, those Defendants currently on **Exhibit 1** to **Exhibit B** who wish to conduct formal discovery first may notify the Plaintiff using the Election Form and the procedures outlined in the Notice. Those parties giving proper notice will be moved to **Exhibit 2** to the proposed order attached hereto as **Exhibit C** and proceed with formal discovery prior to mediation.[4]

---

[4] While Local Rule 9019-5(j)(iii) makes the mediation-first track optional at the sole discretion of Defendants under or equal to $75,000.00, Local Rule 9019-5(j)(vi), only permits a party in a case over $75,000.00 to move to the

V.    **Omnibus Hearings and Motions**

19.    The Proposed Procedures contemplate that Plaintiff will schedule Avoidance Action Omnibus Hearings quarterly at the Court's convenience. All motions and other matters concerning any Avoidance Actions will only be heard at Avoidance Actions Omnibus Hearings.

### NOTICE

20.    Notice of this Procedures Motion has been provided to: (i.) all entities that are Defendants in the Avoidance Actions as of the date hereof, which are identified in **Exhibit A** annexed hereto; (ii.) counsel for the Debtor; and (iii.) the United States Trustee.  The Plaintiff respectfully submits that such notice is adequate and that no other or further notice need be provided.

21.    Within ten (10) days of entry of the respective orders approving this Procedures Motion, Plaintiff shall serve such orders on all entities that are parties to the Avoidance Actions as of the date thereof.

### NO PRIOR REQUEST

22.    No other or prior motion for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Plaintiff believes the Proposed Procedures are integral to the ability to resolve the Avoidance Actions in a cost-effective, efficient manner that will further speedy distributions to creditors and, ultimately, the Plaintiff's efforts towards an expeditious closing of the Debtors' Chapter 11 cases.  In light of the foregoing, the Plaintiff submits that the Proposed

---

mediation-first track with consent of the Plaintiff. As this rule is discretionary between the parties rather than automatic, Defendants may contact Plaintiff on an individualized basis to discuss the feasibility of the same.

Procedures are warranted and approval thereof is well within the authority granted to the Court under applicable Bankruptcy Rules, Local Rules, and sections of the Bankruptcy Code.

Accordingly, Plaintiff respectfully requests that this Court enter the Proposed Procedures Orders, attached hereto as **Exhibits B** and **C** (i) approving the Proposed Procedures and (ii) granting such other and further relief as the Court deems just and proper.

Dated: February 1, 2017                    **FOX ROTHSCHILD LLP**

*/s/ L. John Bird*
L. John Bird (DE No. 5310)
919 North Market Street, Suite 300
Wilmington, DE 19801
(302) 654-7444 (telephone)
(302) 656-8920 (facsimile)

*-and-*

Mette H. Kurth (*admitted pro hac vice*)
1800 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 598-4150 (telephone)
(310) 556-9828 (facsimile)

*Counsel to the Official Committee of
Unsecured Creditors*

*-and-*

**Gellert Scali Busenkell & Brown, LLC\*\***

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
Brya M. Keilson (DE 4643)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
Email: rgellert@gsbblaw.com

*-and-*

11

**ASK LLP**
Joseph L. Steinfeld, Jr., Esq., MN SBN
0266292 (*admitted pro hac vice*)
Kara E. Casteel, Esq., MN SBN 0389115 (*admitted pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665
Fax: (651) 406-9676
e-mail: kcasteel@askllp.com

*-and-*

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Special Counsel to the Official Committee of Unsecured Creditors*